IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BERNARD FRACTION, <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS COUNTY ATTORNEY'S OFFICE, THERESIA URICH, DOUGLAS COUNTY TREASURER'S OFFICE, JOHN EWING, Treasurer; DIRECTOR OF PUBLIC PROPERTIES, DENNIS ROOKSTOOL, TIM DOLAN, and RICHARD KOPF, <br><br> Defendants. | **8:19CV192** <br><br><br> **MEMORANDUM AND ORDER** |

The plaintiff Bernard Fraction ("Fraction") filed a Complaint on May 1, 2019. Filing 1. He has been granted leave to proceed in forma pauperis. Filing 8. The court now conducts an initial review of the plaintiff's Complaint[1] to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Fraction brings this action against various Douglas County, Nebraska employees and entities and Senior District Judge Richard G. Kopf of this court. *See* Filing 1 at 1, 6. In the portion of the caption normally reserved for the Rule 7(a) pleading designation, Fraction typed "Chain Conspiracy." *See* Fed.R.Civ.P. 7(a). Fraction alleges he has made "numerous attempts to acquire Public Records in relationship to my legal matters" from Defendants

---

[1] For purposes of this initial review, the court will consider Plaintiff's supplemental filings (filings 11 & 13) as part of the Complaint.

and other public agencies including "Douglas county courts of Nebraska, district courts of Nebraska, U.S. District of Nebraska, Supreme Court Council for Discipline, Legal Aid, [and] Douglas County Commissioners," but all "have denied relevant public records." Filing 1 at 1–2. Fraction further alleges:

> Dennis Rookstool, Property Management Manager of the Douglas County Treasurer's Office and Tim Dolan, County Attorney's Office et al, seem to be involve[d] in an orchestrated cover-up and conspiracy to prevent my obtaining public records relevant to my illegally acquired property, 3026 Lafayette Ave, Omaha NE. My home of 40 years was stolen illegally on 04 April 2013 by using LB-319 Repealed Law and Replaced by LB-370 2012 making the noticing invalid according to 77-1832. Also I have yet to locate or acquire Legal Affidavits on file anywhere for Affidavits as to the publication noticing.

Id. at 2. Fraction alleges he has sought this information for six years without any success and is "pursuing this course of action as a remedy." Id.

Fraction attached several documents to his Complaint. Id. at 3–102. These documents include a copy of an order from the District Court of Douglas County, Nebraska in Case No. CI19-346. Id. at 18–19. In that state court action, Fraction filed a complaint[2] seeking a writ of mandamus against the same defendants named in the present action with the exception of Judge Kopf. Fraction sought to compel the defendants to furnish certain information, including affidavits, relating to the alleged illegal transfer of his property. On March 18, 2019, the state district court granted the defendants'

---

[2] The court takes judicial notice of the records in *Bernard Fraction v. Douglas County Attorney's Office, et al.*, Douglas County District Court Case No. CI19-346, available to the court via the Nebraska Judicial Branch's online record-keeping system at https://www.nebraska.gov/justice/case.cgi. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996) (court may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue).

motion for judgment on the pleadings concluding that Fraction "does not seek documents under the public records statute, §84-712 Neb. Rev. Rather, he seeks information regarding the sale of real estate pursuant to a tax deed foreclosure proceeding." *Id.* at 18. The court noted that Fraction had unsuccessfully challenged his alleged lack of notice of the tax deed foreclosure action in three previous lawsuits:

> 1. *Bernard Fraction, Plaintiff, v. Randy James and Vandeley Investments, LLC., a Nebraska Corporation, Defendants*, docketed at CI15-6268, in the District Court of Douglas County, Nebraska.
>
> 2. *Bernard Fraction, Plaintiff, v. Dennis Rookstool, Defendant*, docketed at CI 16-3090, in the District Court of Douglas County, Nebraska.
>
> 3. *Bernard Fraction, Plaintiff, v. Dennis Rookstool, Douglas County Treasurer, Defendant*, docketed at 8:17CV292, in the United States District Court for the District of Nebraska.

*Id.* at 18–19. As the state court correctly summarized, in the last case in this court, "Judge Kopf found that the plaintiff was barred from relitigating his claim that the tax deed issued to Vandelay Investments was invalid, because it was the subject of an earlier case where a state court judge had found the deed valid." *Id.* at 19. *See also* Filing 6, Case No. 8:17CV292.[3]

Fraction's remaining attachments and supplemental materials serve to demonstrate Fraction's enduring disagreement with the past determinations that the tax deed issued on his property was valid and complied with the relevant notice requirements under Nebraska law.

---

[3] The court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Judge Kopf

Fraction named Judge Kopf, a federal district court judge, as a defendant in this action. Because Fraction did not "expressly and unambiguously" state that Judge Kopf is sued in his individual capacity, the court assumes that he is sued only in his official capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The Complaint itself is silent as to Judge Kopf except for his name appearing in the caption and fails to satisfy the minimal pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Even if the court assumes that Fraction seeks some type of relief against Judge Kopf based on his previous ruling in Case No. 8:17CV292 (*see* filing 1 at 14), sovereign immunity prevents the court from exercising jurisdiction over Fraction's claims against Judge Kopf in his official capacity.

The doctrine of sovereign immunity provides that the United States is immune from suit unless Congress has expressly waived the defense. *See, e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411-12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the court lacks jurisdiction to entertain the offending suit. *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). A lawsuit against a government official in his official capacity is tantamount to a suit against "an entity of which an officer is an agent[,]" *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks omitted) (quoting *Monell v. New York City Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)); therefore, the sovereign immunity doctrine applies equally to the government itself and to any federal official sued in his or her official capacity. Congress may waive sovereign immunity, but any such waiver must be express. *United States v. Mitchell*, 445 U.S. 535, 538 (1980).

Here, Fraction brought suit against Judge Kopf in his official capacity. Judge Kopf is part of the United States government for purposes of sovereign

immunity. See *Graham*, 473 U.S. at 165–166. The United States clearly falls within the protective reach of sovereign immunity. There is nothing in the record to suggest the United States waived, or that Congress overrode, sovereign immunity here. Therefore, this court lacks jurisdiction over Fraction's claims against Judge Kopf in his official capacity.

## B. *Rooker-Feldman*

In filing this action, Fraction plainly seeks relief from and reconsideration of the Douglas County District Court judgment in Case No. CI19-346 which dismissed his complaint seeking public records and information from the same defendants named here. However, the *Rooker-Feldman* doctrine precludes Fraction's attempted collateral attack of the state court judgment.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In short, the *Rooker-Feldman* doctrine bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so. Importantly, *Rooker-Feldman* bars "straightforward appeals" as well as "more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000), implied overruling on other grounds recognized by *Shelby Cnty. Health Care Corp. v. Southern Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 841 (8th Cir. 2017). Thus, where a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim is barred by *Rooker-Feldman* because it is "inextricably intertwined with specific claims already adjudicated in state court." *Lemonds*, 222 F.3d at 492–93 (internal quotation omitted); *see also Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003) ("Where the district court

must hold that the state court was wrong in order to find in favor of the plaintiff, the issues . . . are inextricably intertwined.") (internal quotation omitted).

The Douglas County District Court entered judgment dismissing Fraction's purported claims against the defendants seeking public records and other information related to the tax deed issued on his property. Shortly thereafter, Fraction filed his Complaint in this court. While Fraction alleges here that the defendants are conspiring to prevent him from obtaining the records he seeks, it is apparent that any review of Fraction's claims for relief in the present case would require the court to review the specific issues addressed in the state court proceedings, namely whether Fraction has stated a claim that he is entitled to the records and information he seeks. The court does not have jurisdiction to review the state court proceedings or grant the relief Plaintiff seeks. Accordingly, the court will dismiss this case for lack of subject matter jurisdiction.

Alternatively, to the extent Fraction seeks to relitigate the issue of the tax deed's validity, including the lack of any necessary affidavits, that issue has been finally determined, and Fraction is precluded from relitigating the issue here for the reasons identified in Judge Kopf's order dismissing Fraction's previous action in Case No. 8:17CV292. Filing 6, Case No. 8:17CV292.

IT IS ORDERED:

1.  This matter is dismissed without prejudice for lack of subject matter jurisdiction.

2.  A separate judgment will be entered.

3.  The plaintiff's pending motion for status (filing 12) is denied as moot.

Dated this 26th day of February, 2020.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge